IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER HARBERS, for Herself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER, LLC, and DOES 1-20, inclusive,<br><br>Defendants. | Civil Action No.: 2:19-cv-968<br><br>**NOTICE OF REMOVAL**<br><br>[Originally King County Superior Court Case No. 19-2-13499-2 SEA] |

**PLEASE TAKE NOTICE** that Defendant Eddie Bauer LLC ("Eddie Bauer"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes the above-captioned action from the King County Superior Court to the United States District Court for the Western District of Washington.

I.  **INTRODUCTION**

1. This Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), in that this Action is a civil action in which the alleged amount in controversy

NOTICE OF REMOVAL ................................................ 1

exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and involves citizens of different states.

## II. BACKGROUND

2. On May 20, 2019, Plaintiff Jennifer Harbers, purportedly on behalf of herself and "all others similarly situated," filed a civil action in the King County Superior Court entitled *Jennifer Harbers v. Eddie Bauer LLC*, King County Superior Court, Case No. 19-2-13499-2 SEA. Plaintiff served the Summons and Complaint on Eddie Bauer on May 22, 2019. (*See* Exhibit A, which includes the Summons, Complaint and additional documents as served on Eddie Bauer.) A First Amended Complaint, which is filed herewith, was filed by the Plaintiff and served on June 12, 2019.

3. The Complaint, which is styled as a class action, purports to bring claims under Washington's Consumer Protection Act ("CPA"), RCW Chapter 19.86 and Washington's Commercial Electronic Mail Act ("CEMA"), RCW Chapter 19.190. Plaintiff's Complaint alleges that Eddie Bauer has violated CEMA, and in turn CPA, by sending marketing emails with deceptive subject lines.

4. The proposed putative nationwide class consists of "[a]ll residents of the United States of America who, within the applicable limitations period, received an email from or at the behest of Eddie Bauer LLC that contained in the subject line: (a) a 'xx% Off' or similar statement and/or (b) a statement indicating a discount on 'Everything,' 'Your Purchase,' or similar language when one or more products were excluded from discount." (Complaint ¶ 33.)

5. In the alternative, the proposed Washington State class consists of "[a]ll residents of the State of Washington who, within the applicable limitations period, received an email from or at the behest of Eddie Bauer LLC that contained in the subject line: (a) a 'xx% Off' or similar statement and/or (b) a statement indicating a discount on 'Everything,' 'Your Purchase,' or similar language when one or more products were excluded from the discount." (Complaint ¶ 34.)

6. Nothing in this Notice of Removal should be interpreted as a concession of liability, the appropriateness of venue, the appropriateness of class treatment, Plaintiff's class definition, or the validity of Plaintiff's claim for relief. Eddie Bauer reserves the right to supplement and amend this Notice of Removal.

### III. REQUIREMENTS FOR REMOVAL UNDER CAFA

7. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. §§ 1332(d) and 1453. Under CAFA, a district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed plaintiff classes; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2, 5). Because this action meets each of CAFA's requirements, it may be removed to federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant.").

### IV. THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

#### A. The Number of Proposed Class Members Exceeds 100

8. The Complaint alleges that members of the putative class are "so numerous that joinder of all members is impracticable," but does not identify the number of class members. (Complaint ¶ 38.) However, Section A of the Complaint's prayer for relief indicates that Plaintiff believes that the class consists of at least 50,000 people ($25,000,000 ÷ $500 = 50,000 email recipients).

9. According to Plaintiff's Complaint, the putative nationwide class is "[a]ll residents of the United States of America who, within the applicable limitations period, received an email from or at the behest of Eddie Bauer LLC that contained in the subject line: (a) a 'xx% Off' or similar statement and/or (b) a statement indicating a discount on

'Everything,' 'Your Purchase,' or similar language when one or more products were excluded from discount." (Complaint ¶ 33.)

10. More than 100 individuals from the State of Washington received electronic mail messages from Eddie Bauer during the class period. The Complaint alleges that the putative class includes nearly every customer in the United States on Eddie Bauer's email list. The size of the putative class thus well exceeds 100 members.

### B. The Amount in Controversy Exceeds $5 Million

11. Defendant denies Plaintiff's substantive allegations, the appropriateness of class treatment, and that Plaintiff is entitled to any of the relief sought in her Complaint, and does not waive any defense with respect to any of Plaintiff's claims. Nonetheless, the amount in controversy is determined by accepting Plaintiff's allegations as true. See *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.").

12. Here, taking Plaintiff's allegations as true, the amount in controversy in this action (including attorney's fees) exceeds $5,000,000. The complaint requests the following relief:

> A. For statutory damages of $500 to be awarded to Plaintiff and to each member of the Class for each instance in which a defendant initiated (or conspired with another to initiate or assisted) the transmission of a commercial electronic mail message which contained false or misleading information in the subject line (an amount of statutory damages which will be proven at trial but which Plaintiff estimates will be at least $25 million per violative email multiplied by more than 43 violative emails) pursuant to, without limitation, RCW 19.190.040;

(Prayer for Relief ¶ a.)

13. Case law is clear that "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50, (2014) (citations omitted); *see also* Schwarzer, Tashima, et al., California Practice

Guide: Federal Civil Procedure Before Trial (2016) § 2:2395, at 2D-30 ("[D]efendant may simply allege in its notice of removal that the jurisdictional threshold has been met and discovery may be taken with regard to that question."); *id.* § 2:3435, at 2D-172 – 173 ("Defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'").  Further, CAFA's legislative history indicates that even if the Court "is uncertain about whether all matters in controversy in a purported class action do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case."  Senate Report on the Class Action Fairness Act of 2005 Dates of Consideration and Passage, S. Rep. 109-14.

14.   Plaintiff seeks damages which are the greater of (a) the actual damages incurred by Plaintiff and each member of the Class or (b) the statutory damages of $500 to be awarded to Plaintiff and to each member of the Class for each instance in which a defendant initiated the transmission of a commercial email message.  (Prayer for Relief ¶ c.)  Given the number of potential class members, and the number of commercial email messages, the amount in controversy easily exceeds $5,000,000.  Plaintiff estimates that the total amount of statutory damages "will be at least $25 million per violative email multiplied by more than 43 violative emails."  (Prayer for Relief ¶ a.)

15.   Plaintiff also seeks an award of attorney's fees and injunctive relief.  (Prayer for Relief ¶¶ k, e).  While Eddie Bauer denies that Plaintiff is entitled to either, each pushes the amount in controversy even further above the $5,000,000 million minimum.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of 10 the common fund); *Tompkins v. Basic Research LLC*, No. 5-08-244, 2008 WL 71808316, at *4 & n9 (E.D. Cal. Apr. 22, 2008) (noting that under CAFA, the amount in controversy includes defendants' potential cost of compliance with a request for injunctive relief).

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

### C.     **Minimum Diversity Exists**

16. Diversity exists for purposes of removal under CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). "[T]he term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

17. Plaintiff is a resident of Washington. (Complaint ¶ 4.) However, the putative nationwide class includes customers from across the country. (*Id.* ¶ 33.)

18. Diversity exists because Eddie Bauer is a citizen of the States of Washington and Delaware, as the citizenship of an unincorporated association is defined at 28 U.S.C. §1332(d)(10). Ordinarily, for purposes of diversity jurisdiction, an unincorporated association has the citizenships of all of its members. *See Johnson v. Columbia Props. Anchorage, LP.*, 437 F.3d 894, 899 (9th Cir. 2006). However, the "exception to this rule is for class actions brought pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(10)." *Moss v. Infinity Ins. Co.*, 2015 WL 7351395, at *2 (N.D. Cal. Nov. 20, 2015). CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes. *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes ….").

19. For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("Certain aspects of CAFA, it is true, evidence Congress's intent that the district courts' jurisdiction vis-a-vis certain kinds of actions be broadened rather than restricted. For example … under § 1332(d)(10), 'an unincorporated association [is] ... deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized,' which departs from the rule

that frequently destroys diversity jurisdiction, that 'a limited partnership's [or unincorporated association's] citizenship for diversity purposes can be determined only by reference to all of the entity's members'"); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) ("For CAFA's purposes, [defendant] is a citizen both of the state where it has its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10)."). To determine the principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

20. Eddie Bauer is "a limited liability company chartered under the laws of the State of Delaware and which currently has and at all relevant times in the past had its headquarters, executive office, principal place of business or nerve center in Bellevue, Washington." (Complaint ¶ 5.) Therefore, under 28 U.S.C. § 1332(d)(10), Eddie Bauer is a citizen of Delaware and Washington.

21. The diversity requirement is clearly satisfied because the putative class includes members from across the country, and Eddie Bauer is not a citizen of all fifty states.

### D. No CAFA Exceptions Apply

22. The Action does not fall within any of exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction").

### V. THE OTHER PROCEDURAL REQUISITES FOR REMOVAL ARE SATISFIED

23. Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a), 1446(a), because the King County Superior Court is located within the Western District of Washington.

24. This Notice of Removal is timely because it was filed within thirty days of May 22, 2019, the date on which Eddie Bauer was served with the Summons and Complaint. 28 U.S.C. § 1446(b).

NOTICE OF REMOVAL ................................................ 7

25. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and all other documents served on Eddie Bauer are attached as Exhibit A.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and all documents in support thereof and concurrently therewith are being filed with the Clerk of the King County Superior Court. Written notice of the filing of this Notice of Removal is being served upon counsel for Plaintiff.

27. Pursuant to LCR 101(b)(1) and (3), Plaintiff's First Amended Complaint filed June 12, 2019 and Jury Demand filed May 28, 2019 are filed herewith. A certificate of service is included below pursuant to LCR 101(b)(2).

## VI. CONCLUSION

Eddie Bauer respectfully submits that this action is removed properly pursuant to the Class Action Fairness Act.

//

Respectfully submitted this 21st day of June, 2019,

        SEED IP Law Group LLP

        /s/Marc C. Levy
        Marc C. Levy, WSBA No. 19203

        /s/Thomas A. Shewmake
        Thomas A. Shewmake, WSBA No. 50765
        701 Fifth Ave., Suite 5400
        Seattle, WA 98104
        Telephone: 206-622-4900
        Facsimile: 206-682-6031
        marcl@seedip.com
        tomshewmake@seedip.com

        STEPTOE & JOHNSON LLP
        Stephanie A. Sheridan (*pro hac vice forthcoming*)
        Anthony J. Anscombe (*pro hac vice forthcoming*)
        Meegan B. Brooks (*pro hac vice forthcoming*)
        One Market Street
        Steuart Tower, Suite 1800
        San Francisco, CA 94105
        Telephone: 415-365-6700
        Facsimile: 415-365-6699
        ssheridan@steptoe.com
        aanscombe@steptoe.com
        mbrooks@steptoe.com

        Attorneys for Defendant
        Eddie Bauer LLC

...

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June 2019, I caused to be electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to the following counsel of record:

>Daniel M. Hattis, WSBA No. 50428
>dan@hattislaw.com
>HATTIS & LUKACS
>400 108th Avenue, Suite 500
>Bellevue, WA 98004

      /s/Jennifer Ruppert
    Jennifer Ruppert

6845472_1.doc

NOTICE OF REMOVAL ............................................. 10

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
701 FIFTH AVENUE, SUITE 5400
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900